WEIDENBACH et al., Appellants, v. BOARD OF EDUCA-
TION OF HIGHMORE, INDEPENDENT SCHOOL
DISTRICT OF HYDE COUNTY, et al.,
Respondents.

(176 N. W. 29.)

(File No. 3638.    Opinion filed January 30, 1920.)

Schools—School District—Old Township School District Including
Incorporated City, Whether Made New "Independent School
District, Under New Code.

The township within which the incorporated city of High-more is situated had been organized and existed as a school township district, prior to taking effect of Revised Code 1919. Held, that under Sec. 7440, providing that any territory heretofore or hereafter organized for school purposes, not included in any independent district, is defined to be a common school district and to be governed by provisions of Art. 1 of Ch. 3, Part 13, Rev. Code 1919; Sec. 7532 of said code, providing that any territory embracing any city or incorporated township, heretofore organized for school purposes under any special or general law shall be known as an independent school district,

"the boundaries of which may or may not coincide with the boundaries of the city or town therein;" etc.; and Sec. 10667, providing that the boundaries of each school district shall continue as established when this code takes effect, until changed in the manner provided therein," said Sec. 7532 ipso facto creates from said territory an independent school district.

Appeal from Circuit Court, Hyde County. Hon. JOHN F. HUGHES, Judge.

Action by Fred Weidenbach and others, as resident taxpayers of township 112, range 72, in Hyde county, South Dakota, also known as Highmore township, outside of the corporate limits of the city of Highmore therein, against the board of education in and for the independent school district of Hyde county, South Dakota, O. M. Hyde as president of said board, and Henry Bottcher as treasurer of Hyde county, South Dakota, to enjoin said board of education from including any property outside of the city of Highmore, within such independent district, from issuing bonds which would become a lien upon the plaintiffs' property, and from collecting any taxes from plaintiffs for the purpose of paying such bonds. With the complaint plaintiffs presented to circuit court an application for an order to show cause against the defendants why they should not be enjoined from taking further steps in issuance of such bonds, and from levying or collecting any taxes against plaintiff's property for the expense of running such independent school district, etc. From an order denying the relief sought by plaintiffs upon the order to show cause, plaintiffs appeal. Affirmed.

*Harlan J. Bushfield,* for Appellants.

*C. E. Noel,* and *Gaffy, Stephens & McNamee,* for Respondents.

Appellants cited: Secs. 1808, 1810, 1717, Pol. Code 1887; Sec. 1 of Ch. 3 of Ch. 50, Laws 1891; Laws 1891, Ch. 9; Secs. 1, 4; Secs. 2322, 2324, 2407, 2410, Pol. Code 1903; Laws 1903, Ch. 135, Secs. 66, 69, 174, 176; Laws 1917, Ch. 224; Ch. 135, Laws 1907; Secs. 7440, 7441, 7442, 7446, 7532, 7534, 7536, 10667, Rev. Code 1919.

Respondent cited: Secs. 7441, 7532, 7533-4, 10666, Rev. Code 1919; Harris v. School District, 32 S. D. 544; State v.

Carlson, 37 S. D. 231; Viland v. Board of Education, 38 S. D. 440.

WHITING, J.   Prior to July 1, 1919, the school districts of this state were divided into two general classes: One containing all districts except those organized into what were designated as "independent school districts'; the other, the "independent school districts." Those belonging to the first class included township districts and districts comprising less than a township, and were designated either by the name of the township or, in the case of smaller districts, by number. It would appear from the record herein that the township within which is situated the city of Highmore had never been organized other than as a township school district, of which district the city of Highmore remained a part. On July 1, 1919, the present code of this state came into force and effect. It is the contention of the plaintiff and appellant that such code automatically, without any action whatever on the part of the residents within the above-mentioned township, took from said township district the city of Highmore and created of it an "independent school district," leaving the remainder of the township a "common school district." The sole question before us is the correctness of such contention.

The Revised Code of 1919 divides school districts along the same lines as they were classified under the former law, excepting that all districts other than the "independent" districts, consolidated districts and township high schools, are denominated "common school" districts. There was, however, one very material change made by such Revised Code. Under the prior laws, incorporated cities and towns were, either by themselves or in connection with adjacent territory, permitted to organize as "independent" districts and to be governed by the laws pertaining thereto, and under such laws as existed prior to such Code no school district could become an "independent" district, except by the affirmative act of the residents therein. But section 7532 of such Code changed this by declaring as follows:

"Any territory, having within its boundaries any city or incorporated town, heretofore organized for school purposes under or by operation of any special or general law, * * * shall be known as an independent schol district, the boundaries

of which may or may not coincide with the boundaries of the city or town therein. * * *"

This section constituted any territory whatever theretofore organized for school purposes, and which contained within its boundaries a city or incorporated town, "an independent district," regardless of whether it was theretofore an "independent district." The wording is too plain to require resort, or to permit resort, to any other parts of our school laws, past or present, to aid in the construction of same. There is not one word in the school laws of this state, as they now exist, that shows any intention on the part of the Legislature to divide any school district, except upon the initiative of the residents thereof. But, if this was not made clear by the school laws themselves, yet, in the absence of anything to the contrary in the school law, section 10667 of the Revised Code of 1919 would control. This statute specifically declares that:

"The boundaries of every * * * school district * * * shall continue as established when this Code takes effect until changed in the manner provided therein."

The order appealed from is affirmed.